THOMAS L. RICKS AND OTHERS V. J. J. PINSON.

Where suit was instituted on a promissory note with a mortgage to secure its payment, both embraced in one instrument, the defendant failing to answer, his default admits the execution of the mortgage, and the Court rightly proceeded to render judgment by default for the amount of the note and for the sale of the mortgaged property.

Error from Anderson. Tried below before Hon. J. H. Reagan.

Suit upon a note expressing in the body of it a mortgage upon certain negroes. The defendant below failed to answer, and a judgment by default was rendered for the amount of the note, and for the sale of the mortgaged property. This judgment the plaintiff in error seeks to have reversed, and in his petition assigns as error, " that the Court could not, under a judgment, foreclose the negroes mentioned in the decree, without proving the facts by a jury :" and " that the Statute

only authorises the rendition of a judgment for money in case default is made, after service of process, and does not authorise the Clerk of the Court to find the mortgaged property liable."

*J. E. Cravens*, for plaintiff in error.

*E. H. Howell*, for defendant in error.

HEMPHILL, CH. J. This suit is on a promissory note with a mortgage on two negroes, to secure the payment, the whole embraced in one instrument.

The defendants having made default, there was judgment for the amount of the note, and for the sale of the property mortgaged.

The plaintiff in error insists that there was error in giving judgment on the mortgage, without the intervention of a jury ; that under Art. 812 the Court is not authorised to find any fact ; that the Clerk or a jury, if asked by the parties, shall assess the damages on liquidated demands, proved by instruments of writing ; but if the cause of action is unliquidated, a jury shall be sworn to assess the damages.

We have in numerous cases decided that on a judgment by default the facts set out in the petition are to be taken as proved. (3 Tex. R. 805 ; 4 Tex. R. 381 ; 11 Tex. R. 18 ; 10 Tex. R. 213 ; 15 Id. 32 ; 16 Id. 549 ; 17 Id. 437.)

The general rule has been qualified, and its extent shown in some of the cases above cited. A judgment by default on liquidated demands admits the whole of the claim, and if there be a mistake or omission apparent upon the instrument, the Clerk has competent authority and should make the correction. (10 Tex. R. 241.) Where the demand is unliquidated the judgment " admits that something is due, but disputes the amount." Hence in " an action of assumpsit for goods sold or work done, and materials found on various occasions, a

plaintiff is not, in strictness, by a judgment by default, relieved from the necessity of proving the delivery of each article, or the extent of the work done," &c. (3 Chitty's Gen'l Prac. 673.) Formerly judgments by default, in England, were final only in an action of debt, but in other actions the Courts were strict in limiting the cases in which reference to the master would be substituted for a writ of inquiry. It was allowed in actions on bills of exchange, promissory notes, &c., where it was only necessary to compute the amount of the principal and interest. But it was refused where the action was on a bill of exchange for foreign money, or on foreign judgments, &c. But by the Common Law procedure Act of 1852, in actions where the damages are substantially a matter of calculation, it shall not be necessary to issue a writ of inquiry, but the Judge may direct the amount to be ascertained by a master of the Court. (Wayne on Damages, 320, 19 Law Library, 6th series.)

The foreclosure of mortgages pertains to the Chancery jurisdiction, where Courts of equity have a separate organization.

It seems that by the ancient rules in England, a final decree was not taken on a bill, for want of an answer, until the defendant had stood out all proceedings for a contempt, and wilfully refused to answer. (9 Porter, 92.). The plaintiff was compelled to make proof of the substance of his bill. But the Court, to render their process effectual, adopted the method of taking bills *pro confesso*, and making the defendant's contumacy an admission of the plaintiff's case. The facts alleged in the bill were taken as true, and a decree given according to the equity of the case stated by plaintiff. (1 Danl. Chan. Prac. 569.)

Whether judgment by default or decree on the petition, as *pro confesso*, be entered, the effect will be the same. The default of the defendant admits the execution of the mortgage, and the Court must proceed on this implied confession to render judgment. I have referred to the rules of practice in law

and of equity on this point of practice, not as authoritative, but as in some degree guides to the proper course under our system of procedure.

We are of opinion that there was no error in the judgment, and that the same be affirmed.

Judgment affirmed.