## J. FARR AND WIFE v. WRIGHT & HART.

In a suit against the husband and wife on the individual note of the husband, executed for land deeded to the wife, it is error to render judgment against the wife for the amount of the note.

The wife held the land subject to the vendor's lien, but was in no other way responsible.

ERROR from Hunt. Tried below before the Hon. Wm. S. Todd.

This was a suit brought by M. H. Wright and H. Hart against Farr and his wife, Louisa F., on the promissory note of the husband given by him for the purchase money of a tract of land deeded to the wife. No other facts were alleged fixing the wife's responsibility.

Following the prayer of the petition, judgment by default was rendered against both defendants for the amount of the note, and ordering the sale of the land.

Defendants prosecuted this writ of error, assigning among other things that the court erred in rendering a judgment against the wife, Louisa F. Farr, for more than the vendor's lien and in rendering judgment against her for the amount of the note.

*J. Farr,* for plaintiffs in error.

MOORE, J.—The judgment in this case is obviously erroneous. The suit was brought on the individual note of the husband, J. Farr. There are no facts alleged in the petition making the wife in any manner responsible for the debt. That the title to the land in consideration of which the note was given by the husband was executed to the wife does not justify a personal judgment against her for the amount due upon the note. (Lynch v. Elkes, 21 Tex., 229.) The judgment by default was tantamount to a decree *pro confesso,* (Ricks v. Pinson, 21 Tex., 507, and cases therein cited,) and authorized a decree, against the wife, for the sale of the land in consideration of which the note was given.

She held the land subject to the vendor's lien for the purchase money, but was in no other manner responsible for the debt. The judgment against her was in this respect improper, and must therefore be reversed and reformed.

Reversed and reformed.