INTERSTATE BUILDING AND LOAN ASSOCIATION V. J. W. K.
BRYAN ET AL.

Decided November 20, 1899.

1. Citation in Suit Against Foreign Corporation—Service and Return.

Where, in an action against a foreign corporation, the petition alleges that the defendant has an office and a local agent, naming him, in the county where the suit is brought, a return of the sheriff on the citation stating that he had served it by delivering a copy of the writ to such local agent in person, is sufficient.

2. Judgment by Default.

A judgment by default admits all the facts in the petition well pleaded, but the petition must show a cause of action good upon general demurrer to support a judgment by default on appeal.

3. Pleading—Allegation of Conclusion—Usury.

Allegations that the requirement by defendant building and loan association of plaintiff, who was wishing to borrow money, that he should take a certain amount of its stock, and its further requirements as to dues and payments thereon, were but a device to avoid the usury laws, will not support a judgment by default for the recovery, as usury, of money paid on such stock, where the further and specific allegations in reference to such payments show that the usury law was not violated.

4. Building and Loan Association—Usury.

If the contract between the borrowing member and the association, as made, is not usurious, the fact that a settlement before maturity of the stock by applying its then value to the extinguishment of the debt may show that more has been paid than the loan would amount to with lawful interest, would not render it so.

APPEAL from the County Court of Anderson. Tried below before Hon. G. W. HUDSON.

*Allen, Watkins & Jones* and *John Young Gooch*, for appellant.

*Gardner & Gardner*, for appellees.

GARRETT, CHIEF JUSTICE.—The appellees brought this action in the County Court of Anderson County to recover of appellant double the amount of the interest paid by them upon an alleged usurious contract for the loan of money. The petition alleged that the defendant was a foreign corporation with its principal office in the city of Columbus, in the State of Georgia, and had an agency in the county of Anderson in the State of Texas, and that Coral Ozment was its agent in the said county of Anderson. Plaintiffs averred that on March 23, 1896, they borrowed from the defendant the sum of $1200; that in order to obtain the loan they were required by the defendant to subscribe for twelve shares of stock in the association of the ultimate value of $100 a share, which they did, paying $12, or $1 a share as an admission fee, and to secure the loan plaintiffs executed to the association their bond in the sum of $2400, conditional on their payment to the association on the fourth Wednesday of every month the sum of $13.44 as dues on said stock, and the further sums of $3.96 as premium and $6 as interest on said advance, and continue to make such payments on stock and pre-

miums and interest until such time as said shares of stock should fully mature or until said monthly payments were seventy-two in number. That plaintiff only took said stock in order to secure said loan and not as an investment, all of which defendant well knew; and the taking of said stock and the borrowing of the money was all one transaction, and the amount of interest demanded and paid exceeded the lawful rate and was usurious, being in the aggregate, in addition to the $12 admission fee, $23.40 for each and every month; that plaintiffs paid twenty-three of said monthly installments as they fell due, amounting to the sum of $538.20. That on March 23, 1898, the defendant received on account of plaintiffs the sum of $1000 insurance money and applied the same, less $94, to the payment of said loan and canceled said stock; and plaintiffs allege that, including the said $12 admission fee, they had paid to the defendant the sum of $1456 for said loan, an excess of $256, to recover the double of which they sued. That said stock was of class E as issued by said association under its by-laws, which provided that the monthly payments of said class should be $1.12 a share, of which $1.03 should constitute the loan fund and 9 cents the expense fund; and said by-laws also provided that a member of said class should be required to carry only one share of common stock for each $100 advanced, and should be required to pay in addition to interest a premium of 33 cents a month on each share advanced on; and also provided that in addition to the payment of monthly dues on the stock and the premium of 33 cents a share, the borrowing member should pay interest at the rate of 6 per cent per annum in monthly installments, making a total of $1.95 a month on each share for a period of not exceeding seventy-two months. Plaintiffs averred that as a part of their contract they assigned their shares to the association, and under the by-laws of the association the maturity of the stock would liquidate the loan. That said requirements to subscribe for said stock and to pay said dues, premiums, and interest, and said contract, were a scheme to evade the usury laws of this State and to collect more than 10 per cent interest per annum.

Citation was duly issued requiring the sheriff to summon the Interstate Building and Loan Association to be and appear, etc. The following return of service was indorsed thereon, signed by the sheriff of Anderson County: "Came to hand on the 13th day of December, 1898, at 3 o'clock p. m., and executed on the 15th day of December, 1898, by delivering in Anderson County to Miss C. Osment, the local agent of the within named defendant, in person, a true copy of this writ." Judgment was rendered against the defendant by default on January 3, 1899, for the sum of $512. On January 5, 1899, the defendant filed a motion to set aside the judgment by default and for a new trial, which having been overruled the defendant has appealed. At the trial the plaintiffs introduced evidence in support of their cause of action, and a statement of facts has been brought up in the record. But there was no evidence offered to show that the transaction was a scheme to collect usurious

interest. It only supported the allegations of the plaintiffs with reference to the contract and the payments and settlement.

It is urged that the service of the citation as shown by the return of sheriff on the writ was insufficient to require the defendant to answer, and that the judgment by default should be set aside on that account. The petition alleged that Coral Ozment was the local agent of the defendant in the county of Anderson, and the return showing service on her was sufficient. Railway v. Gage, 63 Texas, 568.

A judgment by default admits all the facts in the petition well pleaded, but the petition must show a cause of action good on general demurrer to support a judgment by default on appeal. The rule may be otherwise on collateral attack.

An examination of the allegations of the petition setting out the plaintiffs' cause of action fails to disclose usury in the contract. The money paid as an admission fee is not applied to the debt. Loan Association v. Griffin, 90 Texas, 480; Crenshaw v. Hedrick, 47 S. W. Rep., 71. Payments made on stock can not be estimated, for the member is not entitled to have them applied as credits on the loan before maturity or final settlement. Where the premium and interest combined are not more than 10 per cent the contract is not usurious. Loan Association v. Lane, 81 Texas, 369; Loan Association v. Abbott, 85 Texas, 220; and a number of other authorities cited in appellant's brief. It will be seen from an inspection of the petition that the rate of interest charged, added to the premium, does not quite amount to 10 per cent on the amount of the loan. If the contract as made is not usurious, the fact that the settlement before maturity by applying the then value of the stock to the extinguishment of the debt may show that more has been paid than the loan would amount to with lawful interest would not render it so. The value of the stock then may be less than par. Appellees rely upon the force of their averment that they were required to take the stock in order to obtain the loan; that it was all one transaction, and that the whole was a scheme to exact usurious interest. General averments of conclusions will not support a judgment that the contract was usurious in the face of the facts averred, which, as we have stated, do not show usury. The allegation that the plan of the loan was a scheme to evade the law against usury is based upon a state of facts that has been repeatedly held by our Supreme Court not to show usury.

We do not decide the question of whether or not it was necessary for the plaintiffs to swear to the petition. The judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*