AMERICAN BONDING & TRUST COMPANY v. ELIZA GARRETT.

Decided June 4, 1910.

**1.—Petition—General Demurrer—Judgment by Default.**

It is well settled that a petition which states no cause of action against a defendant will not support a judgment by default, and such judgment will be reversed on writ of error.

**2.—Sheriff—Bond as Tax Collector—Sureties.**

The sureties upon a sheriff's bond as ex officio tax collector would not be liable for money collected and appropriated by the sheriff in his capacity as such and not as tax collector.

Error from the County Court of Galveston County. Tried below before Hon. Geo. E. Mann.

*Meador & Davis,* for plaintiff in error.—Recovery can not be had against sureties on tax collector's bond, for defalcation of sheriff, even though the same party should hold both offices. Rev. Stats., arts. 5156-5157, 4892; United States Fidelity & Guaranty Co. v. Jasper, 56 Texas Civ. App., 236; Johnson v. Eaton Milling & E. Co., 32 Pac., 825; State v. Thomas, 12 S. W., 1034; Redwood v. Tower, 8 N. W., 907.

REESE, ASSOCIATE JUSTICE.—This suit was instituted in the County Court by Eliza Garrett against the American Bonding & Trust Company. Defendant was regularly cited, but made default, and on June 8, 1909, judgment by default was rendered in favor of plaintiff for the amount claimed, principal and interest. The cause is properly in this court on writ of error sued out by the defendant.

By several assignments of error plaintiff in error presents its contention that the petition is bad on general demurrer and will not support a judgment by default.

The action is based upon an official bond executed by one John A. Perkins, an ex-officio tax collector of Calcasieu Parish, Louisiana, with plaintiff in error as surety. This bond is set out in full in the petition and a certified copy thereof is attached as an exhibit to the petition and made a part thereof. It appears from the allegations of

the petition and the exhibits that said Perkins was, at the time the cause of action arose, sheriff and ex-officio tax collector of said Calcasieu Parish and that he had executed a bond as such "ex-officio" tax collector, payable to the Governor of the State in the sum of $20,000 with plaintiff in error as surety, conditioned that he "shall well and faithfully discharge and perform all the duties incumbent upon him as ex-officio tax collector of said Calcasieu Parish."

It is further charged that there had been a suit for partition of real estate instituted in the District Court of said Parish in which defendant in error was one of the defendants; that there had been a judgment therein partitioning said property, establishing the interests of the respective parties, and, the land being found incapable of division, ordering a sale thereof and a distribution of the proceeds thereof among the respective owners, defendant in error being one of the number. It was further charged in the petition and shown by the exhibits thereto attached, that a writ had been issued to the said Perkins, sheriff of said Calcasieu Parish, commanding him to sell said property and distribute the proceeds; that he had, in obedience to this command, sold the property, and that the money due the defendant in error, and here sued for, had come into his hands as sheriff as aforesaid, and that he had fraudulently appropriated the same and thereupon had absconded. This is the basis of the action as set out in the petition.

It appears conclusively that the action is for money received by the sheriff in his official capacity as such and not as tax collector. Liability therefor is not covered by his bond as tax collector, notwithstanding he may hold and exercise the duties of said office by virtue alone of his being sheriff. The bond sued upon is for the faithful discharge of his duties as tax collector. The petition stated no cause of action against plaintiff in error as surety on the bond as tax collector. The petition and exhibits showing that the money came into the hands of Perkins in his capacity of sheriff, negatives any inference that under the law of Louisiana he may have been authorized as "ex-officio" tax collector to sell the property and receive the money.

It is well settled that a petition which states no cause of action against a defendant will not support a judgment by default, and such judgment will be reversed on writ of error. (Interstate Bldg. & L. Assn. v. Bryan, 21 Texas Civ. App., 563 (54 S. W., 378); Ishmel v. Potts, 44 S. W., 616).

The judgment of the trial court must be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*