TEXAS AUTO & SUPPLY CO. et al. v. MAG-
NOLIA PETROLEUM CO.
(No. 5723.)

(Court of Civil Appeals of Texas.   Jan. 17,
1917.)

1. SALES ☞68—BILL OF SALE—BUYING AC-
COUNTS.
The mere taking by transfer and bill of sale
of the business and accounts of a person, with-
out any assumption of indebtedness, will not
make the transferee liable for antecedent debts
growing out of the business.
[Ed. Note.—For other cases, see Sales, Cent.
Dig. §§ 184–186; Dec. Dig. ☞68.]

2. PLEADING    ☞8(6) — CONCLUSION    OF
PLEADER.
An allegation that a party "sold and trans-
ferred said business and accounts in violation
of the bulk sales law" is a conclusion of the
pleader.
[Ed. Note.—For other cases, see Pleading,
Cent. Dig. § 17; Dec. Dig. ☞8(6).]

3. JUDGMENT ☞101(1)—BY DEFAULT—PETI-
TION—INSUFFICIENT ALLEGATION.
A petition which fails to state a cause of ac-
tion will not support a judgment by default.
[Ed. Note.—For other cases, see Judgment,
Cent. Dig. §§ 168, 170; Dec. Dig. ☞101(1).]

Error from Travis County Court; Wm.
Von Rosenberg, Judge.

Action by the Magnolia Petroleum Com-
pany against the Texas Auto & Supply Com-
pany, H. B. Lyne, and others.  From a judg-
ment for plaintiff, the defendants named
bring error.  Reversed.

E. H. Ratcliff, of Ft. Worth, for plaintiffs
in error.  John W. Hornsby, of Austin, for
defendant in error.

RICE, J.  On December 20, 1915, the Mag-
nolia Petroleum Company, a private corpora-
tion, brought this suit in the county court of
Travis county, against the Austin Tire & Sup-
ply Company, H. E. Shepherd, W. E. Clark,
J. J. Milstead, the Texas Auto & Supply Com-
pany of Ft. Worth, Tex., H. B. Lyne presi-
dent, and H. B. Lyne individually, alleging:
First, that during the months of August and
September, 1915, as per itemized attached ac-
count, duly verified, it sold and delivered to
the Austin Tire & Supply Company gasoline,
etc., to the amount of $278.90, which account
is still due and unpaid.  Second, that on or
about the 19th of September, 1915, said Shep-
herd and Clark, who were doing business
under the firm name and style of the Austin
Tire & Supply Company, sold and transferred
the business of said company to J. J. Mil-
stead, who thereupon assumed the payment
of the accounts due by said Shepherd and
Clark and the Austin Tire & Supply Com-
pany, and that said Milstead was accepted
as successor to said business by said Texas
Auto & Supply Company and H. B. Lyne in-
dividually.  Third, that on or about the 18th
of October, 1915, said Lyne, acting for him-
self and said Texas Auto & Supply Company,
took a transfer and bill of sale of the busi-
ness and accounts of said Austin Tire & Sup-
ply Company from said Milstead, thereby
making himself and said Texas Auto & Sup-
ply Company liable for the debt of plaintiff,
and, within a short time after said Lyne had
secured said business and accounts from said
Milstead, he, acting for the Texas Auto &
Supply Company and himself individually,
sold and transferred said business and ac-
counts in violation of the bulk sales law of
the state of Texas, etc., praying for citation
and judgment for the debt, interest, and costs
of suit.  On January 4, 1916, after service,
judgment for the amount claimed with in-
terest was rendered by default against Lyne
and the Texas Auto & Supply Company, and
the case dismissed as to the other parties,
from which judgment this writ of error is
sued out; plaintiffs in error relying for re-
versal, as shown by their first two assign-
ments and propositions thereunder, upon the
insufficiency of plaintiff's petition to support
the judgment by default.

[1-3] It will be observed from the allega-
tions of the petition that liability is predicat-
ed against plaintiffs in error:  First, on the
ground that they had taken a transfer and
bill of sale to the business and accounts of
the Austin Tire & Supply Company from said
Milstead;  and, second, because within a
short time after procuring said business and
accounts, Lyne and the Texas Auto & Supply
Company had sold and transferred said busi-
ness in violation of the bulk sales law of the
state of Texas.  The petition fails to allege
any assumption of said indebtedness by plain-
tiffs in error, and fails to state any fact or
circumstance from which such assumption
can be inferred.  The mere taking of a trans-
fer or bill of sale by them is not enough upon
which to predicate liability.  Second, nor
can liability be based on the mere statement
that said business was sold and transferred
in violation of the bulk sales law.  The facts
and circumstances upon which this claim is
predicated are not set out, but the allegation
in this respect is only the conclusion of the
pleader.  We think the petition is bad on
general demurrer, for which reason no judg-
ment-by default could be taken thereon.  It
is the well-settled law in this state that a
petition which fails to state a cause of action
will not support a judgment by default, and
such judgment may be set aside on writ of
error.  See Wood v. City of Galveston, 76
Tex. 126, 13 S. W. 227;  Ishmel v. Potts, 44
S. W. 616;  American Bonding & Trust Co. v.
Garrett, 61 Tex. Civ. App. 454, 129 S. W. 398;
Interstate Ass'n v. Bryan, 21 Tex. Civ. App.
563, 54 S. W. 378;  El Paso & S. W. Ry. Co.
v. Kelly, 83 S. W. 855.

Numerous other errors are assigned, which
it is unnecessary for us to consider, in view
of our holding as to the insufficiency of the
petition.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

For the error indicated, the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.