## MILLER v. FIRST NAT. BANK IN BROWNSVILLE.

### No. 8411.

Court of Civil Appeals of Texas. San Antonio. April 9, 1930.

L. J. Polk, of Pharr, for appellant.

Faulk & Abney, of Brownsville, for appellee.

FLY, C. J.

Appellee sued M. A. Green and Banks L. Miller on a certain promissory note executed by them in the sum of $3,500. It was alleged that the note was executed on November 17, 1928, due and payable January 16, 1929; that on April 5, 1929, for the purpose of renewing and extending the balance due on the $3,500 note, the defendants, Green and Miller, executed and delivered to appellee their promissory note for $2,500. due thirty days after date, with 10 per cent. interest; that the note was due and unpaid. Appellant alleged that he had not signed the note for $2,500 nor authorized any one else to sign his name to said note. Appellee pleaded, if it was ascertained that the note was a forgery, so far as appellant was concerned, that he have judgment on the $3,500, the unpaid balance due by appellant. Green did not answer. The court rendered judgment by default against Green for $2,866.72, and for the same sum on a hearing against appellant; and gave appellant a judgment over against Green for any sum appellant might be required to pay.

The court found the following facts, which are approved by this court:

"The First National Bank in Brownsville. Texas, was on April 5, 1929, the legal owner and holder of one note for $3,500.00, dated November 17, 1928, due sixty days after date, signed by the defendants M. A. (also known as Mike) Green and Banks L. Miller, as joint makers made payable to the order of the First National Bank in Brownsville, Texas, at its office in Brownsville, Texas, bearing 8 per cent interest from date, providing for 10 per cent attorney's fees in the usual form and further providing that each maker surety and endorser thereon waived grace, protest notice and presentment for payment and consented that the time of payment might be extended or the note renewed without notice and without releasing any of the parties thereto.

"On April 5, 1929, there was due on said $3,500.00 the sum of $3,605.55 of principal and interest.

"On April 5, 1929, the defendant M. A. Green desired to renew the note for $3,500, but W. B. Sellers, Vice President of the First National Bank in Brownsville, Texas, refused to grant such renewal. M. A. Green promised said W. B. Sellers that he would pay all interest on said $3,500.00 note and $1,100.00 upon

the principal thereof, and would deliver to said First National Bank in Brownsville, Texas, the note for $2,500.00, signed by himself and the defendant, Banks L. Miller in renewal of the balance due on said $3,500.00 note.

"A few days prior to April 15, 1929, the defendant Banks L. Miller gave the defendant M. A. Green the sum of $1,100.00 and received in return therefor from M. A. Green, a note for $1,100.00 with security signed by M. A. Green.

"At the time of such advancement by the said Banks L. Miller the defendant M. A. Green agreed to fully pay off and discharge said note for $3,500.00, and at the time of making such $1,100.00 advancement and loan, the defendant Banks L. Miller instructed the defendant M. A. Green to apply such money on the payment of said $3,500.00 note and to return such note when so paid to him, the said Miller.

"On April 15, 1929, the defendant M. A. Green defendant, delivered to C. N. Hill, Jr. an employee of plaintiff a note for $2,500.00 dated April 15, 1929, due thirty days after date, bearing 10 per cent. interest from date, payable to the order of The First National Bank in Brownsville, Texas, at its office in Brownsville, Texas, providing for 10 per cent. attorney's fees in the usual form and further bearing the names of M. A. Green and Banks L. Miller as joint makers.

"The defendant Banks L. Miller did not sign said $2,500.00 note nor did he authorize anyone to sign the same for him.

"The note for $3,500.00 was cancelled and surrendered to the defendant M. A. Green solely relying upon the validity of the note for $2,500.00 given in renewal of the balance due thereon and said note for $3,500.00 would not have been surrendered but for the representations and acts of the said M. A. Green.

"The note for $2,500 was regular upon its face and the real signatures of M. A. Green and Banks L. Miller were not known to the First National Bank in Brownsville, Texas, and neither of the notes had been signed by either party in the presence of any agent or employee of the Plaintiff.

"On November 17, 1928, and for some time prior thereto, the defendant M. A. Green was President of a Bank at San Juan, Texas, and continued as such bank official for some time thereafter. At all times between November 17, 1928, and April 15, 1929, the defendant M. A. Green had a good reputation as a business man, which good reputation was known to the Plaintiff and his dealings with the Plaintiff in the past were conducted in an honorable manner, satisfactory to all parties.

"The defendant Banks L. Miller, prior to November 17, 1928, furnished to the Plaintiff a financial statement and Plaintiff would not have made the $3,500.00 loan to the defendant M. A. Green without the joinder of the defendant Banks L. Miller.

"The defendant M. A. Green was the agent of the defendant Banks L. Miller for the purpose of applying the $1,100.00 advancement made by Miller to Green toward the payment of the $3,500.00 note and securing the cancelled note for $3,500.00 and delivering the same to the defendant Miller.

"The defendant Banks L. Miller did not receive any part of the proceeds of the note for $3,500.00.

"The note for $3,500.00 was never paid in full but is entitled to a credit of $1,100.00 of principal and all interest down to April 5, 1929.

"There is still due the plaintiff on the note for $3,500.00 a balance of principal of $2,500.00, together with the sum of $106.11 interest to October 16, 1929, and attorney's fees, in the sum of $250.61, aggregating the sum of $2,866.72."

■ It would not only be inequitable but grossly unjust to allow appellant to take advantage of a forgery committed by his co-maker of the note given by him to appellee. Even if it had been proven that appellee had been negligent in accepting the note for $2,500, which purported to be signed by Miller and Green, and in turning over to Green the note for $3,500, marked "Paid," yet appellant did not lose one dollar by it, and he is called on to pay no more than he had contracted to pay through the $3,500 note to which he signed his name. He knew that Green had gone to appellee to obtain a settlement, and he furnished the cash payment of $1,100 to advance the settlement. Appellee had no notice whatever that appellant was endeavoring to release himself by paying $1,100 to Green, and knew nothing of their secret agreement. Appellee canceled the original note on account of deceit practiced on it by the agent of appellant, and in justice and equity appellant should not be permitted to profit by it. The balance of the $3,500 is unpaid, and appellant is in duty bound to pay that balance.

The one proposition is based on a cancellation procured through the fraud. Green was the president of a bank in which appellant did his banking business.

■ The plea of non est factum is contained in the first amended original answer, the only pleading in which it could properly have appeared, and it is not verified by appellant's affidavit, which is required by statute. There is really no pleading that brings into review the genuineness of the note for $2,500. Rev. Stats. art. 2010.

■ Appellant alleges that appellee should have telephoned him before it accepted the note presented by Green, and gives this as an evidence of the negligence of appellee; and

yet he alleges that he accepted Green's statement about the statement of appellee that, if $1,100 was paid, appellant would be released from further liability. He did not resort to the telephone to verify the statements made by Green, but accepted them as the truth. In the case of appellee it is asserted that the failure to use the telephone was negligence, but it may have been blind trust in his banker friend that prevented the use by appellant.

The judgment is affirmed.