## ANDERSON v. DREYFUSS & SON.

### No. 10707.

Court of Civil Appeals of Texas. Dallas. Oct. 18, 1930.

George Sergeant, of Dallas, for appellant.

McCormick, Bromberg, Leftwich & Carrington, of Dallas, for appellee.

### LOONEY, J.

Dreyfuss & Son, a corporation, sued Granger Anderson on a promissory note; omitting the prayer, the petition reads:

"Dreyfuss & Son, a Texas corporation files this its original petition, and complaining of Granger Anderson, care of the Southland Life Insurance Company, of Dallas, Dallas County, Texas, avers:

"1. On a note in the principal amount of Three Hundred Forty-Three Dollars and Eighty-Two Cents ($343.82), defendant is indebted to plaintiff in principal and interest in the amount of $665.44, with interest computed to July 3rd, 1929, and attorneys' fees in the amount of $66.54.

"2. Note mentioned provides for ten per cent. attorneys' fees if placed in the hands of attorneys after default; such a note has been placed in the hands of the attorneys signing this petition with promise to pay them the amount specified, as attorney's fees, which sum is reasonable in amount.

"3. The amount due on said note bears interest at the rate of ten per cent per annum from date mentioned until paid; the said attorney's fees bear interest at the rate of six per cent per annum from date mentioned until paid."

Defendant was duly served with citation, but, failing to answer, default judgment was rendered against him on October 6, 1929. At the same term, but more than two days after

judgment, defendant moved for a new trial, based on the ground that plaintiff's petition stated no cause of action, and hence was insufficient to support the judgment. This constitutes the only assignment of error urged for reversal.

 One proposition urged is that, failing to allege the maker or payee of the note, or its maturity, or that plaintiff was the owner or holder thereof, the petition was fatally defective. We sustain this contention. On reading the petition set out above, it will be found that these essential averments were not made, although allegations will be found to the effect that defendant was indebted to plaintiff in the sum of the principal, interest, and attorneys' fees, yet this was a conclusion that could have been reached only from information aliunde.

In Kimmarle v. H. & T. C. Ry. Co., 76 Tex. 694, 12 S. W. 698, 701, the following rule pertinent to this question was announced, to wit: "In determining the sufficiency of a pleading to support a judgment by default, the averments of the pleading are to be taken as proven or confessed; and, if the pleading does not inform the court what judgment to render, that is, if it does not, with sufficient certainty, set forth the cause of action as to names of parties, dates, amounts, etc., to enable the court to render judgment without information aliunde, it is not sufficient, and the judgment cannot be sustained." This doctrine is supported by the following authorities: Frazier v. Todd, 4 Tex. 461; Jennings v. Moss, 4 Tex. 452, 453; Thigpen v. Mundine, 24 Tex. 282.

Another proposition urged is that, failing to allege a cause of action against defendant, the petition was not sufficient to support the judgment. This contention is also sustained on the following authorities: Hall v. Jackson, 3 Tex. 305; Laredo v. Russell, 56 Tex. 403; Kimmarle v. H. & T. C. Ry. Co., 76 Tex. 694, 12 S. W. 698; Seastrunk v. Pioneer, etc., Co. (Tex. Civ. App.) 34 S. W. 466, 468; Ishmel v. Potts (Tex. Civ. App.) 44 S. W. 615, 616; Interstate, etc., Ass'n, v. Bryan, 21 Tex. Civ. App. 563, 54 S. W. 377, 378; American, etc., Co. v. Garrett, 61 Tex. Civ. App. 454, 129 S. W. 398; Texas, etc., Co. v. Magnolia, etc., Co. (Tex. Civ. App.) 191 S. W. 573.

We therefore sustain appellant's propositions, reverse the judgment, and remand the cause for further proceedings.

Reversed and remanded.