## MICHELIN TIRE CO., Inc., v. GANTER.

### No. 11232.

Court of Civil Appeals of Texas. Dallas.
May 20, 1933.

526

N. B. Birge, of Sherman, for appellant.

Chas. Reasonover, of Dallas, for appellee.

LOONEY, Justice.

 This is an appeal, by Michelin Tire Company, Inc., from an adverse judgment in its suit against C. W. Ganter (Ganter Motor Company), upon an account stated, to recover balance due of $219.73. Plaintiff alleged that on September 15th, 1931, a statement of the account was presented to defendant, and that, in writing, he duly acknowledged its correctness and promised to pay, but, after being repeatedly requested, had failed to pay the account or any part thereof. The only defense urged by defendant was that the cause of action was barred under the two years' statute of limitation; the effect of the plea being a confession and avoidance. Townes' Texas Pleadings (2d Ed.) p. 542.

Plaintiff introduced the stated account, showing balance of $219.73 unpaid, with defendant's appended written acknowledgment and promise to pay; defendant testified, over objection, that he did not sign, or authorize any one to sign for him, the alleged acknowledgment and promise to pay. The legal effect of the failure of defendant to plead non est factum, denying the execution by him, or by his authority, of the written acknowledgment and promise to pay, as alleged in plaintiff's petition, was to admit its due execution (see article 3734, R. S. 1925; Hulme v. Levis-Zuloski, etc., Co. [Tex. Civ. App.] 149 S. W. 781; Quanah, etc., Co. v. Jones [Tex. Civ. App.] 178 S. W. 858; Smith v. Smith [Tex. Civ. App.] 200 S. W. 540; Borschow v. Waples-Platter Grocer Co. [Tex. Civ. App.] 223 S. W. 872), and in this situation, evidence denying its execution was not admissible [State Nat. Bank v. Stewart, 39 Tex. Civ. App. 620, 88 S. W. 295; Smith v. Smith (Tex. Civ. App.) 200 S. W. 540; City Nat. Bank v. Farrington (Tex. Civ. App.) 243 S. W. 544; James McCord Co. v. Citizens' Hotel Co. (Tex. Civ. App.) 287 S. W. 906; Miller v. First Nat. Bank (Tex. Civ. App.) 25 S.W.(2d) 304], and, although admitted over objection, cannot be considered as a basis

of judgment. See Thomason v. Berry (Tex. Com. App.) 276 S. W. 185.

Defendant failed to deny plaintiff's cause of action under oath or otherwise, his sole defense being two years' limitation; hence, in this status of the pleading, all material allegations of plaintiff's petition were admitted by defendant. See Brill v. Bank (Tex. Com. App.) 280 S. W. 537; Southwestern Portland Cement Co. v. Moreno (Tex. Com. App.) 215 S. W. 444; Needham v. Arno Co-Op. Irr. Co. (Tex. Civ. App.) 196 S. W. 887; Bauman v. Chambers, 91 Tex. 108, 41 S. W. 471. As the suit was instituted within less than two months after the alleged execution, by defendant, of the written acknowledgment and promise to pay, and as defendant offered no legal evidence in support of his plea of limitation, although the burden was upon him to establish same (City of Ft. Worth v. Rosen [Tex. Com. App.] 228 S. W. 933; Cunningham v. Frandtzen, 26 Tex. 34; Hooks v. Martin [Tex. Civ. App.] 229 S. W. 592; Texas & P. Railway Co. v. Williamson & Co. [Tex. Com. App.] 221 S. W. 571), his only defense failed; therefore it becomes our duty to render such judgment as the court below should have rendered, that is, for plaintiff, and it is so ordered. See article 1856, R. S. 1925; Henne v. Moultrie, 97 Tex. 216, 77 S. W. 607; Weierhauser v. Bennett (Tex. Civ. App.) 19 S.W. (2d) 572; Whitis v. Penry (Tex. Civ. App.) 41 S.W.(2d) 736; Welch v. U. S. Fidelity & Guaranty Co. (Tex. Civ. App.) 54 S.W.(2d) 1041; Way v. Guest (Tex. Civ. App.) 272 S. W. 217; Farmers' & Stockmen's State Bank v. Sweaney (Tex. Civ. App.) 285 S. W. 930, error refused.

Reversed and rendered.