## WILSON et ux. v. MARTINEZ.
### No. 3047.

Court of Civil Appeals of Texas. El Paso.
July 26, 1934.

Rehearing Denied Sept. 13, 1934.

Helen M. Viglini, of Dallas, for appellants.

Allen Eades and Clint & Eades, all of Dallas, for appellee.

WALTHALL, Justice.

This suit was brought by Grant Wilson and wife, Isabelle Wilson, against P. P. Martinez, to cancel and hold for naught a trustee's deed, and four promissory notes aggregating the principal sum of $1,208.55. Deeds of trust were given on the property involved to secure the notes, and materialmen's lien on lots Nos. 11 and 12, in block No. 4, Lincoln Manor No. 1, an addition to the city of Dallas, Tex., which property plaintiffs allege to be their homestead. They sue for title and possession of said property, that the title to said property be cleared of all such liens, and for damages.

They allege that by reason of the matters pleaded the trustee's deed to defendant Martinez was void because based on certain deeds of trust given to secure a stated indebtedness and materialmen's liens, all of which plaintiff alleged to be void.

Plaintiffs pray for an injunction restraining defendant Martinez and the officers from ousting them from said property; that said trustee's deed, the deeds of trust, and mechanic's lien be canceled; the cloud cast upon said property by reason of said trustee's deed and said other liens be removed; for damages and other matters which we need not state.

Defendant answered by general demurrer and special exceptions, plea of innocent purchaser for value, merger of all negotiations and transactions running back through a series of years into a deed of trust for the sum of $1,208.55, to secure the payment of which the deed of trust complained of was given. Defendant also by cross-action plead-

ed the statutory suit in trespass to try title to the property in controversy, to which cross-action plaintiffs answered by general demurrer and plea of not guilty. The trial court overruled all demurrers and exceptions of both parties, and the case went to trial before a jury. At the conclusion of the evidence, on motion ·of defendant, the court instructed a verdict for defendant. On the overruling of plaintiffs' motion for a new trial plaintiffs excepted and duly prosecute this appeal.

### Opinion.

We will designate the parties as plaintiffs and defendant as in the trial court.

Plaintiffs in their brief present one assignment of error as follows: "The court erred in instructing the jury to render a verdict against plaintiffs and for defendant on plaintiffs' cause of action and for defendant and against plaintiffs on defendant's cross-action."

Plaintiffs in their brief, in connection with the one assignment, refer to their motion for a new trial. The motion for a new trial, nor any portion of it, other than the assignment, an extract from one paragraph of the motion, though not in the verbiage of the motion, is not copied in the plaintiffs' brief.

We must regard the assignment as independent of the motion for a new trial.

The statement of facts discloses the following:

The parties agreed that the Manor Home Company is the common source of title to the land involved in the controversy.

The Manor Home Company conveyed by warranty deed the land in controversy to Grant Wilson for a recited consideration of $1,000, $110 cash and forty-nine monthly notes, each in the sum of $10, bearing interest, a vendor's lien retained.

By regular chain of conveyances and assignments, without reciting them severally, P. P. Martinez on January 10, 1927, becomes the owner and holder of the Grant Wilson $400 note "and said lien and all liens and titles" on such property. The previous conveyances and acknowledgments are regular on their face and are fully recorded.

On January 5, 1927, Grant Wilson and wife, Isabelle Wilson, executed three instruments in writing, one in ·the form of a promissory note reciting that for value received they promise to pay to the order of P. P. Martinez the sum of $495, sixty days after date, with interest; and reciting that the note is secured by the materialman's lien created in contract of even date therewith, and also secured by deed of trust of even date therewith, with Martinez, the liens given upon the property in controversy; the note provides for attorney fees. The other two instruments are the ones referred to in the note, one reciting that for the consideration stated ($495) Martinez contracts to furnish lumber and other material to be used in the improvements of the property in controversy, and makes other statements common to such instruments. The other instrument is a deed of trust on the property in controversy, regular in form, reciting that it is given in addition to the materialman's lien to secure the said $495 note. The instrument appoints a trustee and provides for a sale of the property on a breach of the conditions in the deed of trust, and contains other provisions usual to such instruments. The last two instruments are regular in form and acknowledged in due form, and recorded.

On January 21, 1927, Grant Wilson and wife, Isabelle Wilson, executed three other instruments to P. P. Martinez, one a note for $300, one a contract with Martinez by which Martinez is to furnish lumber and other material to the extent of the amount of the note for the improvements of the property in controversy, and the other a deed of trust on the property in addition to materialman's lien, to secure the payment of the said $300 note. The said three instruments are regular in form, signed by Wilson and wife, show proper acknowledgment, and are recorded.

On the 28th day of April, 1927, Grant Wilson and wife, Isabelle, executed formal deed of trust on the property in controversy. The instrument recites that the notes thereby secured are given in lieu and substitution and renewal of other notes described, including the unpaid balance of the original $400, the $495, the accrued interest, stating same, and dates, the $300 and interest, some taxes due the city of Dallas; the amounts aggregating the sum of $1,208.55. The instrument is in usual form of such instruments. It provides that if default is made in the payment of any principal or interest on said notes or any of them, or any of the covenants or agreements, the whole of the debt secured becomes due and payable and may be collected by suit or by proceedings under the deed of trust. Many covenants, other than the payments of the stated indebtedness expressed, are stipulated in the instrument.

The instrument was signed by Wilson and wife and acknowledged and the acknowledg-

**310**

ments are in due form; the instrument is recorded.

There are many exhibits in the record other than the above, all of which we have reviewed, but none of them are material in determining the result.

On September 1, 1931, the property in controversy was sold by the trustee in the deed of trust of date April 28, 1927, to satisfy the balance due upon the indebtedness secured thereby and P. P. Martinez became the purchaser at said trustee's sale, and received from the trustee a trustee's deed conveying to him the property in controversy.

In their answer plaintiffs· specially admitted the execution of the notes in question, the original purchase-money notes, and the deed of trust.

Plaintiffs defended against defendant's cross-action on the ground that they were illiterate and could not read nor write, and signed only when told to do so; that the deed of trust was not executed by the wife, in that she was not examined separate and apart from her husband; that the instrument was not fully explained to her; she was not asked whether the deed was her act and deed and if she wished to retract it; that when the wife, Isabelle, signed the instrument it was in the presence of her husband. They further answered that defendant, Martinez, did not furnish lumber and material to the extent shown by the recorded instrument; that the instrument of record does not reflect the true contract entered into by plaintiffs and defendant; that the deed of trust purporting to secure the several sums of money is of no force because based on a consideration not made the base of a lien on a homestead; at the time of the execution of said deed of trust plaintiffs' indebtedness was $170 and said note for $408.55 set out in the deed of trust is void as to any sum in excess above $170; that the wife, Isabelle, ·did not execute the renewal deed of trust in the manner required by the statute and specified as above; that the payments made by plaintiffs are more than enough to cover all lumber and materials furnished by defendant. Plaintiffs allege that they were given no notice of the sale, and defendant assured plaintiffs he had not and would not foreclose on said property. Plaintiffs stated other grounds to void said indebtedness and deed of trust which we think does not have the effect claimed and which we need not state.

Plaintiffs testified to the fact in the defensive matters stated above.

■ Plaintiffs did not plead non est factum as to the execution of any of said notes or deed of trust. The evidence shows that plaintiffs signed the notes, the deed of trust, and the other lien obligations referred to above, but undertook to avoid the legal effect of such instruments by reason of the defensive matters stated. The notes and deed of trust upon which the foreclosure and sale of the property was had were introduced in evidence. With the notes and deed of trust, and the trustee's deed in evidence, without objection, and no assignment here suggesting error to their introduction in evidence, in the absence from the record of any plea denying the execution or delivery of the notes and deed' of trust, we think defendant's title is sufficiently shown in his cross-action to justify the instructed verdict and judgment in defendant's favor as against plaintiffs' assignment of error. Article 3734, Rev. Civ. Stat.; Davis v. Crawford (Tex. Civ. App.) 53 S. W. 384. The legal effect of the failure of plaintiffs to deny by proper plea the execution of the written acknowledgment and promise to pay, as alleged by defendant in his petition, was to admit their due execution. Michelin Tire Co., Inc., v. Ganter (Tex. Civ. App.) 61 S.W.(2d) 525, and cases there cited; Smith v. Smith (Tex. Civ. App.) 200 S. W. 540, in which it is said that if it was desired to place in issue either the signing or delivery of the instrument pleaded, it was necessary that its execution should be denied under oath as required by the statute, otherwise there would be no issue as to its execution and delivery. Plaintiffs did not deny, under oath, the execution of any of the notes, deeds of trust, and other liens, all bearing their signatures.

Plaintiffs' petition does not set up the essential elements of fraud in the execution of any of the instruments. 20 Tex. Juris. p. 140.

Plaintiffs seek the cancellation of the original notes, the deeds of trust, and the trustee's deed conveying the property to defendant Martinez, and admit in their pleading a balance due at the time of the transactions here of the original purchase money indebtedness and the furnishing of $350 in value, of the lumber and material that went into the improvements of the property, but plaintiffs do not offer in their pleading to pay any balance that might be found to be due and payable. True, plaintiffs allege in a general statement that they had paid to defendant "more than enough money to cover the only note the due date of which had passed" and which might have constituted a valid lien.

██ The rule seems to be general that to have a cancellation the party should offer to pay whatever amount might be found to be due arising out of partial performance, the placing of valuable improvements on the property, the payment of taxes, etc. 7 Tex. Juris. p. 959, par. 46, and p. 985, par. 62. The evidence shows that plaintiffs' own contractor constructed the improvements on the property and that the money was paid to said contractor, and that in many ways plaintiffs ratified and approved what was done in the matter of such improvements before and after the improvements were made.

█ We think that neither the pleading nor the evidence is sufficient to impeach the certificate of acknowledgment of the wife to the instruments, there being no fraud or imposition in which the grantee or recipient of the instrument participated or had knowledge. 1 Tex. Juris. par. 198, pp. 589, 597, et seq., and the authorities there cited; Ward v. Weaver (Tex. Com. App.) 34 S.W.(2d) 1093; Adkins-Polk Co. v. Rhodes (Tex. Com. App.) 24 S.W.(2d) 351; Tex. Juris. Supplement; Callaway v. Snead (Tex. Civ. App.) 33 S.W. (2d) 552.

We have concluded that under the pleadings and the undisputed evidence in the case, the court was not in error in instructing the verdict.

The case is affirmed.