## TEXAS EMPLOYERS' INS. ASS'N v. MARSDEN.

### No. 1732.

Court of Civil Appeals of Texas. Eastland.

Dec. 17, 1937.

Rehearing Denied Jan. 14, 1938.

W. M. Cramer, of Dallas, for appellant.

Frank S. Roberts, of Breckenridge, for appellee.

GRISSOM, Justice.

This is a workmen's compensation case. It was before this court and the Supreme Court on a former appeal. See 57 S.W.2d 900, and 127 Tex. 84, 92 S.W.2d 237. The appellant filed suit to set aside the award of the Industrial Accident Board. Appellant's petition contained the usual allegations, such as, that said board on the 1st day of June, 1936, entered its final award in the matter of D. S. Marsden, Employee, v. Breckenridge Gasoline Co., Employer, Texas Employers' Insurance Ass'n, Insurer; that on the 20th day of June, 1936, appellant gave notice of appeal; that the amount of appellee's claim was more than $500; that appellee's alleged injury was alleged to have been received in Stephens county, Tex. Appellant prayed that the award of the board be set aside and held for naught.

Appellee answered with a general demurrer and general denial. By way of cross-

action he alleged a cause of action for total and permanent disability entitling him to compensation in a definite sum.

To appellee's cross-action appellant filed no answer. It appeared and presented its defense. Judgment was entered for appellee upon a finding of total and permanent disability. Appellant has appealed to this court and assigns as grounds for reversal of the judgment the alleged error of the court in refusing its requested special issues and many other alleged errors of the trial court.

■ When a plaintiff fails to answer a cause of action asserted against it in a defendant's cross-action, he is deemed to have admitted all material allegations of the cross-action. Brill v. Guaranty State Bank of Goose Creek, Tex.Com.App., 280 S.W. 537; Bauman v. Chambers, 91 Tex. 108, 112, 41 S.W. 471; Boles v. Linthicum, 48 Tex. 220; Interstate Building & Loan Ass'n v. Bryan, 21 Tex.Civ.App. 563, 54 S.W. 377; Luckel v. Sessums, Tex.Civ. App., 71 S.W.2d 579; Mentz v. Haight, Tex.Civ.App., 97 S.W. 1076; Scherer v. Upton, 31 Tex. 617, 618; rule 20 for District and County Courts.

■ The following authorities require a holding that in a case of this character, where the insurer has appealed from the award of the board and the injured employee has, by cross-action, asserted a cause of action under the Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq., a general denial is sufficient (but it, or other defensive pleading, is essential) to permit or support proof of a defense to such cross-action. Commercial Standard Ins. Co. v. Noack, Tex.Com.App., 62 S.W.2d 72; Indemnity Ins. Co. v. Boland, Tex.Civ.App., 31 S.W.2d 518, error refused; Traders & General Ins. Co. v. Blancett, Tex.Civ.App., 96 S.W.2d 420, 426; Foust v. Jones, Tex.Civ.App., 90 S.W.2d 665, 667; New Amsterdam Casualty Co. v. Rutherford, Tex.Civ.App., 26 S.W.2d 377, 381; Ocean Accident & Guaranty Corp. v. McCall, Tex.Com.App. 45 S.W.2d 178; Good v. Chiles, Tex.Com.App., 57 S.W.2d 1100; 33 Tex.Jur. 666–670.

■ In argument before this court, appellant contended that under the provisions of article 2005 it was not required to answer appellee's cross-action. Said article provides: "The plaintiff need not deny any special matter of defense pleaded by the defendant, but the same shall be regarded as denied unless expressly admitted."

We think it has no application to the present situation. Appellee's cross-action was not "special matter of defense," to which said statute is by its terms restricted, but contained offensive allegations of a distinct cause of action for total, permanent disability for which, when established, either by proof or admission, the law fixed the amount of recovery. The allegations of fact in appellant's petition were merely those necessary to show the jurisdiction of the trial court to adjudicate the injured employee's cause of action; the allegations of the cross-action were not defensive thereto. The appellee certainly did not desire nor attempt to disprove the allegations of fact in appellant's petition. Appellant's petition and appellee's cross-action made no issue.

The last sentence in article 2006 is: "A general denial of matters pleaded by the adverse party which are not required to be sworn to, shall be sufficient to put the same in issue." Article 2004 provides: "When the defendant sets up a counter claim, the plaintiff may plead thereto under rules prescribed for pleadings of defensive matter by the defendant, so far as applicable. Whenever the defendant is required to plead any matter of defense under oath, the plaintiff shall be required to plead such matters under oath when relied on by him."

■ We think it evident from said statutes that, in the absence of a general denial, or some defensive pleading thereto, the allegations of appellee's cross-action were not put in issue, but were admitted. Therefore the judgment of the trial court was correct. Having failed to put such allegations in issue and thereby admitting same, appellant's assignments of error here are immaterial. Michelin Tire Co., Inc. v. Ganter, Tex.Civ.App., 61 S.W.2d 525, and authorities there cited.

The judgment of the district court is affirmed.