JOHN J. SCHERER v. ANN UPTON.

In suits upon lost notes or bonds, the rules of evidence recognized by the common law and in equity have not been changed by the statutes of this state, except in the case of recorded instruments, private instruments filed in the office of some alcalde or judge of Texas previous to the 1st Monday in February, 1837, and instruments or notes filed in some suit brought upon them in some other court of the state: in all of which cases certified

copies are constituted original evidence. (Paschal's Dig., Arts. 3706, 3715–3718, Notes 832, 839–842.) In all other respects the rules of evidence in regard to them continue the same, both in equity and at the common law. The jurisdictions being blended in our system, if the rule of evidence in either be applicable, the courts are authorized to appropriate it *sub modo.*

Where the petition described the note and averred its loss by the agent, and the agent swore to the petition, and the defendant did not deny the sworn petition, but pleaded failure of consideration, no further proof of the execution of the note was required.

Where a note was given for the hire of a slave, an escape of the slave, whereby the hirer lost his services, did not entitle the hirer to deduction, unless the owner was in default ¦or guilty of some concealment of the slave or other wrong.

Error from Colorado.   The case was tried before Hon. Benjamin Shropshire, one of the district judges.

The note was declared on as lost, but a copy was annexed, with an affidavit of its loss.

The defendants demurred, pleaded the general issue, failure of consideration, and in reconvention, for that the note was given for the hire of a negro for one year, that the negro ran away and took refuge with his mistress about the last of May, whereby the defendants lost seven months' services and were damaged $700, in consequence of the concealment, refusal to deliver, &c., by the mistress. The proof was that the negro ran away in May; that the defendants went after and demanded him; but the mistress and her son refused to deliver him to the hirer.   He employed no force to recover him.   The charge of the court is set forth in the opinion.

*Richard V. Cook,* for plaintiff in error, insisted that the mere refusal to re-deliver the negro on demand was a wrong by the owner; and that the instruction to the jury that the hirer must have resorted to force or legal process was error; that the law knew no such remedies.

No brief for the appellee has been furnished to the *Reporter.*

LINDSAY, J.—In suits upon lost notes or bonds the rules of evidence recognized by the common law and in equity have not been changed by the statutes of this state, except in the case of recorded instruments, private instruments, filed in the office of some alcalde or judge of Texas previous to the 1st Monday in February, 1837, and instruments or notes filed in some suit brought upon them in some other court of the state: in all of which cases certified copies are constituted original evidence. In all other respects the rules of evidence in regard to them continue the same, both in equity and at the common law. The jurisdictions being blended in our system, if the rule of evidence in either be applicable, the courts are authorized to appropriate it *sub modo*. The evidence was different in the two forums, when kept distinct, where recovery was sought in the one and relief in the other, though the ultimate result was the same in each. At common law, when suit was brought upon a lost bond, which is now the same with us as a lost note, an affidavit of the party was required to the loss, because the party could not make *profert* in his declaration of the instrument itself. If an issue was then made by plea denying the existence of the instrument or its loss, the plaintiff, notwithstanding his affidavit, was required to make strict proof of its loss, and its terms and conditions, before he could recover. But the rule is different in equity. Two objects might be sought in a bill in equity: discovery and relief; or simply relief upon a lost instrument, note, bond, or obligation. If relief alone is sought, because the writing is lost, and that fact is not put in issue by a direct denial, the affidavit itself is sufficient in equity, unless met by the counter affidavit of the defendant. The bill or petition must be taken *pro confesso* against the party defendants failing to deny.

The allegations of the petition in this case of the loss and the terms and stipulations in the note were apt and proper, and were supported by the affidavit of the agent,

who stated that he lost it, and had made diligent search for it, but could not find it. The averments of the petition, sustained by the affidavit, were sufficient in law to make out a good cause of action, and the court very properly overruled the demurrers both to the petition and to the evidence.

The answer of the defendant was a confession of the original cause of action, and by his plea he tendered an issue of failure of consideration. Upon that issue it was the province of the jury to judge of the sufficiency of the evidence to support it; and, unless there was a palpable misdirection in the instructions given them by the judge, this court is little inclined to disturb their findings upon the character and weight of the testimony.

The note it appears was given for the hire of a slave. The defense alleges that the slave escaped and returned to his owner, who concealed him and prevented his return to the bailee for hire. These were the controverted facts upon the issue made before the court and jury. When all the testimony was heard, the court gave in charge four instructions to the jury. The first was substantially that, if they believed the note was executed by the defendant, they should find for the plaintiff, unless they believed that the plaintiff deprived the defendant of the services of the slave, the consideration of the note, without his consent. We can perceive no error in this instruction. The second embraced the legal proposition, that the hirer of a slave was his owner for the term of the bailment, and for the time being is substituted for the master in controlling the will and actions of the slave; but that, if the owner enticed away the slave and concealed him for a part of the term, the jury might make an abatement *pro tanto* from the price of the hiring. This is but just, and in our view is a sound principle of law. The third affirmed, that without right to prevent, the mere objection of the plaintiff to the slave's return did not preclude the defendant from exercising his

control over the will and actions of the slave; and he had a right to whatever legal process might be necessary against the owner to constrain the slave back to duty; and if the defendant lost the services of the slave without any default of the plaintiff, the plaintiff was entitled to recover. We do not question the correctness of this proposition. The fourth and last asserted, that if the defendant suffered the slave to remain away in the possession of a third person, whereby he lost his services, without the fault or procurement of the plaintiff, he could not thereby be exonerated from his obligation to pay. Upon a careful examination of the principles of law embodied in the instructions and suggested by the facts in the record we can find no sufficient reasons to disturb the judgment. It is therefore

AFFIRMED.