**TEXAS STATE INVESTORS, INC., Appellant,**

v.

**KENT ELECTRIC CO., INC., Appellee.**

No. A2672.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Aug. 5, 1981.

Matt E. Rubin, Holtzman & Urguhart, Houston, for appellant.

Angelo Parrish, Parrish & Parrish, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

J. CURTISS BROWN, Chief Justice.

A general contractor appeals the granting of summary judgment in favor of a sub-contractor who sued to recover the balance due on a written contract.

Kent Electric Company, Inc. (Kent), appellee brought suit against Texas State Investors, Inc. (TSI), appellant, to recover a $5,592.81 balance allegedly due under a written subcontract agreement to perform electrical work for TSI. The contract was attached to and incorporated in the petition. No affidavits were so attached. TSI filed a general denial. Kent moved for summary judgment in the following manner:

> "This motion is based upon the pleadings and affidavit on file in this action which indicates that this cause of action is based upon a certain written subcontract agreement, executed and delivered by the Defendant. The Defendant has filed general denial in this matter. The affidavit shows that Plaintiff is a *holder in due course of the certain written subcontract agreement* which is the subject matter of this action or, in the alternative, is a *holder of said certain written subcontract agreement* and that the Defendant has set forth no defenses to collection of said certain written subcontract agreement" (emphasis added).

With the motion, Kent filed the affidavit of J. A. Kent, the president of the company. In relevant part, the affidavit reads as follows:

> "Kent Electric Company, Inc., a corporation, is the present holder and owner of the certain written subcontract agreement described in Plaintiff's Original Petition and the foregoing claim is just and true, the sums of money stated therein

and in the certain written subcontract agreement attached thereto as EXHIBIT 'A' are just and true. That the certain written subcontract agreement hereto and made a part hereof for all purposes is the original certain written subcontract agreement executed by the Defendant, that it is due because of defaults in the payments as provided in said certain written subcontract agreement and that all just and lawful offsets, payments and credits have been allowed, and that the other facts contained in Plaintiff's Original Petition are true and correct, and I hereby adopt the same in this sworn statement."

TSI did not respond to the motion or appear at the hearing on the motion. The court rendered summary judgment for Kent.

■ TSI contends on appeal that the grounds set forth in the motion for summary judgment are insufficient as a matter of law, because the contract was not a negotiable instrument. Kent relies on the following contract clause to sustain its "holder theory":

"The Contractor Agrees as Follows:

B. To pay the Sub-Contractor for the full, faithful and prompt performance of the contract agreement, subject to all terms and conditions thereof, the sum of Fourty [sic] Nine Thousand Four Hundred Fifty Dollars and no/100 Dollars ($49,450.00), said amount to be paid as payment is received by the Contractor to apply on work included in this contract.

1. 10% retention will be held on all phases of work. Retainer is to be paid to Subcontractor upon completion of electric work not to exceed 30 days after completion and Superintendent's approval.

2. Draws will be turned in monthly on the 10th for payment on the 25th. Payment will be paid for completed work only to date. No partial payment will be made for work not completed.

3. A copy of Workman's Compensation and Liability Insurance Certificate will be supplied by Subcontractor to Contractor."

In order to be a holder in due course one must first be a holder of an instrument. Tex.Bus. & Com.Code Ann. § 3.302(a) (Vernon 1968). One becomes a holder by having an instrument negotiated to him. Tex.Bus. & Com.Code Ann. § 3.202(a) (Vernon 1968). An instrument is defined as a negotiable instrument. Tex.Bus. & Com.Code Ann. § 3.102(a)(5) (Vernon 1968). The characteristics of a negotiable instrument are set forth in Section 3.104 of the Business and Commerce Code and further explained in Sections 3.105–3.112. The contract clause in question is not a negotiable instrument because the promise to pay is (1) not unconditional, (2) not payable on demand or at a definite time, and (3) not to pay to order or to bearer. As a matter of law, Kent was not and could not be a holder or a holder in due course of the contract.

■ "The motion for summary judgment shall state the specific grounds therefor." Tex.R.Civ.P. 166–A(c). The moving party must establish that he is entitled to judgment as a matter of law *on the issues expressly set forth* in the motion. Tex.R. Civ.P. 166–A(c). The burden of proof in a summary judgment proceeding does not shift to the non-movant by his failure to appear at a hearing or to respond to the motion. No response to the motion is required of the non-movant in order to preserve as error the fact that the grounds expressly presented to the trial court by the motion were insufficient as a matter of law to support the summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). Kent's *express* grounds were insufficient to support the summary judgment. Therefore, the summary judgment must be reversed.

■ Kent contends that the motion can and should be read to include another ground for judgment—a cause of action based on the written contract executed and delivered by TSI—and that such grounds are supported by the affidavit and the petition. We do not so read the motion, and we cannot infer or imply the presentation of grounds other than those specific grounds

expressly set forth in the motion. The purpose of the specificity requirement of Rule 166–A(c) is to define the issues presented to the court and to provide the non-movant with adequate information to oppose the motion. *Westchester Fire Insurance Co. v. Alvarez*, 576 S.W.2d 771 (Tex.1978). The motion for summary judgment must stand or fall on the grounds specifically and expressly set forth therein. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671. The motion presented no other grounds.

Kent has failed to meet its burden as movant at a summary judgment proceeding. The judgment of the trial court is reversed and remanded for further proceedings.

Reversed and remanded.