Paul MAURICIO, Appellant,

v.

Jose MENDEZ, Appellee.

No. 04–85–00480–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 14, 1987.

 

Judith Grantham, San Antonio, for appellant.

Ruben Sandoval, San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and DIAL, JJ.

## OPINION

CADENA, Chief Justice.

Plaintiff, Paul Mauricio, appeals from a judgment in a case tried to the court, denying him recovery in his suit to collect from defendant, Jose Mendez, on a lease agreement and what plaintiff described in his pleadings as a "note." The trial court rendered judgment at the conclusion of plaintiff's evidence, holding that plaintiff had failed to prove a cause of action against defendant. We reverse and remand.

Plaintiff, who operated a bar and restaurant on premises owned by him in San Antonio, by written agreement sold the restaurant and bar equipment, furniture and supplies to defendant and his wife on October 9, 1984, for $9,373.00, with defendant making a down payment of $1,000.00. As part of this transaction, defendant, who planned to operate the bar and restaurant on the premises owned by plaintiff, orally agreed to pay $600.00 per month as rent for the premises and to reimburse plaintiff for utility charges incurred by defendant in the operation of the bar and restaurant.

The written agreement relating to the sale of the bar and restaurant equipment read as follows:

10–9–84

To Whom it may Concern
Equipment sold to *Jose Mendez or Carolina S. Mendez* From Paul Mauricio

| | |
|---|---|
| Amount | 9373.00 |
| down payment | 1000.00 |
| Balance due— | 8373.00 |

There will be no intrest [sic] charged until 10–9–85. Intrest will be at the rate of 12% per year

*Mr. & Mrs. Mendez* will pay as much as possible per month

Minimum amount will be $500.00 per. month

Seller   /s/ Paul Mauricio
buyer /s/ Jose Mendez S.

After defendant made payments of $500.00 each on November 10 and December 10, 1984, there was a fire on the premises and defendant made no further payments. Plaintiff then brought this suit to recover the $7,373.00 due on the written agreement which was alleged to be a note. Plaintiff also sought to recover $1,103.78 as reimbursement for the amounts paid by him for utilities used by defendant in the operation of the bar and restaurant.

Plaintiff first argues that the October 9, 1984, written agreement is a promissory

note as alleged in his petition. Defendant contends that the instrument is not a promissory note, relying, as does plaintiff, on § 3.104 of the Texas Uniform Commercial Code (UCC).[1]

Subsection (a) of § 3.104 provides that, to be a negotiable instrument, a writing must (1) be signed by the maker; (2) contain an unconditional promise to pay a sum certain in money; (3) be payable on demand or at a definite time; and (4) be payable to order or to bearer.

According to § 3.104(b), a writing which complies with the requirements of § 3.104(a) is a "note" if it is a promise other than a certificate of deposit. "Promise" is defined by § 3.102(a)(3) as an undertaking to pay which must be more than the acknowledgment of an obligation.

■ The written agreement is not a negotiable instrument since it is not payable to bearer or order. *See Texas State Investors v. Kent Electric Co.*, 620 S.W.2d 841, 843 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ); *Nelson v. Powell,* 434 S.W.2d 165, 166 (Tex.Civ.App.—Beaumont 1968, no writ).

■ But this does not mean that the writing is not a promissory note. It is possible to have a non-negotiable note. *See* § 3.104(c). Whether the instrument is negotiable or not is irrelevant, since the suit here is between the original parties to the instrument. The written agreement contains an unconditional promise to pay plaintiff at least a certain sum of money each month. It is, therefore, in the form of a note. *See Wexel v. Cameron Grier & Co.,* 31 Tex. 617 (1869); 11 Am.Jur.2d, *"Bills and Notes",* § 21 (1963).

■ Defendant's liability on the instrument is not governed by the law of negotiable instruments, but by the law of contracts. The evidence established the existence of the agreement, performance by plaintiff, defendant's breach and plaintiff's right to recover for the breach of the agreement. *Landrum v. Davenport,* 616

S.W.2d 359, 361 (Tex.Civ.App.—Texarkana 1981, no writ).

■ The trial court erred in rendering judgment against plaintiff as to the $7,373.00, representing payments for the restaurant and bar equipment, at the close of plaintiff's testimony, since plaintiff made out a prima facie case. Since defendant has had no opportunity to present evidence, we cannot render judgment for plaintiff here.

■ The trial court correctly denied plaintiff's claim for reimbursement for utility payments made by plaintiff. Plaintiff's testimony established that defendant occupied only the first floor of the building and that plaintiff maintained various rental units on the second floor, which included kitchen and bathroom facilities and electrical and gas service. Plaintiff admitted that he was unable to determine which charges were attributable to defendant's operation of the bar and restaurant and which charges represented water, gas and electricity used by the second-floor tenants. Plaintiff failed to prove the amount owed by defendant for utilities.

■ In his brief, defendant argues that plaintiff intended to defraud him with regard to the utility charges. Defendant's only allegations relating to fraud were contained in his cross-complaint which was stricken in its entirety by the trial court. Defendant does not here challenge this action of the trial court. The question of fraud is not before us.

That portion of the trial court's judgment denying plaintiff recovery of $1,103.78 as reimbursement for utility charges is severed from the remainder of the case and is affirmed. That portion of the judgment denying plaintiff recovery on the written agreement relating to the sale of the bar and restaurant equipment is reversed and the cause is remanded to the trial court for further proceedings.

---

1. All statutory references are to TEX.BUS. & COM.CODE ANN. (Vernon 1968).

Plaintiff will pay 30% of the costs of this appeal and defendant will pay 70%.