11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Patrick R. McStay

Appellant

Vs.                   No.  11-02-00014-CV C Appeal from Harris County

Heady Financial
Corporation

Appellee

 

Heady
Financial Corporation filed suit against Patrick R. McStay to recover on a Note
and Security Agreement.  McStay filed a
counterclaim against Heady, alleging violation of the Fair Debt Collection
Practices Act,[1]
violation of the Deceptive Trade Practices Consumer Protection Act,[2]
usury, and breach of contract.  The
trial court granted summary judgment in favor of Heady and ordered McStay to
pay $2,324.74, the balance on the note, plus 18 percent interest accruing from
August 9, 1994, until the date of judgment. 
The trial court also ordered the foreclosure of personal property
securing the note and awarded Heady attorney=s fees.  The trial court further
ordered that McStay take nothing on his counterclaim.  McStay appeals from the trial court=s judgment.  We affirm. 

On January
24, 1991, McStay executed a Note and Security Agreement in the amount of
$3,709.09 with ITT Financial Services. 
The note had a maturity date of February 3, 1995, and was payable in
monthly installments.  Over the course
of the note, McStay was to pay $1,632.45 in interest which was calculated into
the payments making the total amount of McStay=s payments  $5,341.54.  The note was secured by personal property,
including furniture.








McStay
made payments on the note until August 9, 1994.  ITT Financial sold the note to Household Finance Company, who
sold the note to The Sagres Company. 
The Sagres Company sold the note to Heady on December 10, 1999.  On February 16, 2000, Heady sent a letter
notifying McStay that it had acquired the note and seeking payment on the note.

In his
sole issue on appeal, McStay contends that the trial court erred in granting
Heady=s  motion
for  summary judgment because the
statute of limitations had run on Heady=s claim to collect on the note. When reviewing a traditional motion for
summary judgment, the following standards apply: (1) the movant for summary
judgment has the burden of showing that there is no genuine issue of material
fact and that it is entitled to judgment as a matter of law; (2) in deciding
whether there is a disputed material fact issue precluding summary judgment,
evidence favorable to the non‑movant will be taken as true; and (3) every
reasonable inference must be indulged in favor of the non‑movant and any
doubts resolved in its favor. 
TEX.R.CIV.P. 166a; Goswami v. Metropolitan Savings and Loan Association,
751 S.W.2d 487, 491 (Tex.1988); Nixon v. Mr. Property Management Company, Inc.,
690 S.W.2d 546, 548‑49 (Tex.1985); City of Houston v. Clear Creek Basin
Authority, 589 S.W.2d 671, 676 (Tex.1979).

A trial
court must grant a motion for summary judgment if the moving party establishes
that no genuine issue of material fact exists and that he is entitled to
judgment as a matter of law.   Rule
166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex.1991).  Once the movant establishes a right to a
summary judgment, the non‑movant must come forward with evidence or law
that precludes summary judgment.   City
of Houston v. Clear Creek Basin Authority, supra at 678‑79.  When reviewing a summary judgment, the
appellate court takes as true evidence favorable to the non‑movant.   American Tobacco Company, Inc. v. Grinnell,
951 S.W.2d 420, 425 (Tex.1997);  Nixon
v. Mr. Property Management Company, Inc., supra at 548‑49.

McStay
contends that the trial court incorrectly applied the six-year statute of
limitations applicable to negotiable instruments.  See TEX. BUS. & COM. CODE ANN. ' 3.118(a) (Vernon 2002).  McStay
argues that the trial court should have applied a four-year statute of
limitations because the note was a secured transaction. See TEX. CIV. PRAC.
& REM. CODE ANN. '
16.004(a)(3) (Vernon 2002). 

TEX. BUS.
& COM. CODE ANN. '
3.104(a) (Vernon 2002) provides that a negotiable instrument means:

[A]n unconditional
promise or order to pay a fixed amount of money, with or without interest or
other charges described in the promise or order, if it:

 

(1) is
payable to bearer or to order at the time it is issued or first comes into
possession of a holder;








(2) is payable on demand
or at a definite time; and

 

(3) does not state any
other undertaking or instruction by the person promising or ordering  payment to do any act in addition to the
payment of money, but the promise or order may contain:

 

(A) an
undertaking or power to give, maintain, or protect collateral to secure
payment;

 

(B) an
authorization or power to the holder to confess judgment or realize on or
dispose of collateral; or

 

(C) a
waiver of the benefit of any law intended for the advantage or protection of an
obligor.

 

TEX.
BUS. & COM. CODE ANN. ' 3.109(a) (Vernon 2002) states that a promise or order is payable to
bearer if it:

(1) states that it is payable to bearer or to the order
of bearer or otherwise indicates that the person in possession of the promise
or order is entitled to payment;

 

(2) does
not state a payee; or

 

(3) states
that it is payable to or to the order of cash or otherwise indicates that it is
not payable to an identified person.

 

The note executed by McStay is not a negotiable
instrument as defined in Section 3.104(a). 
The note is not payable to bearer or to order.  See Texas State Investors, Inc. v. Kent Electric Co., Inc., 620
S.W.2d 841, 843 (Tex.Civ.App. ‑ Houston [14th Dist.] 1981, no writ).  Therefore, the six-year statue of
limitations for negotiable instruments as provided in Section 3.118(a) is not
applicable.  The note is governed by the
four-year statute of limitations set out in Section 16.004(a)(3).








The
parties agree on appeal that the note had a maturity date of February 3, 1995,
and that the statute of limitations period began to run on that day.  Although he argues that the four-year
limitations period barred Heady=s suit on the note, McStay filed an affidavit in support of his
response to Heady=s
motion for summary judgment in which he stated that he established residency in
Akron, Ohio, in October 1995.  The
record showed that McStay was a resident of Texas at the time he executed the
note and at the time the note matured but that McStay was subsequently out of
the state for extended periods of time.  
See Guardia v. Kontos, 961 S.W.2d 580, 584-85 (Tex.App. - San Antonio
1997, no pet=n). 
TEX. CIV. PRAC. & REM. CODE ANN. ' 16.063 (Vernon 1997) states that the Aabsence from this state of a person against whom a cause of action may
be maintained suspends the running of the applicable statute of limitations for
the period of the person=s absence.@  In his
affidavit, McStay stated that, from the time the note matured on February 3,
1995, until the time Heady filed suit to collect on the note, he was present in
the State of Texas for 1,210 days. 
Therefore, during that time frame, McStay was absent from the State of
Texas for 655 days.   A person=s absence from the state, for whatever
purpose, will not be included in calculating the period of limitations.  Ray v. O=Neal, 922 S.W.2d 314, 317 (Tex.App. ‑ Fort Worth 1996, writ den=d). 
The time of a person=s absence includes each departure from the state and the whole time of
each absence.  Ray v. O=Neal, supra.   Although the applicability of Section 16.063 does not depend on
proof of the precise periods of the defendant=s absence from the state, there must be evidence from which the fact
finder might reasonably conclude that the defendant had not, in the aggregate,
been in the state the full statutory period. 
Ray v. O=Neal, supra. 


The
statute of limitations would have run on the note on February 3, 1999; and
Heady filed suit on the note on March 13, 2000.  Section 16.004(a)(3). 
However, because McStay was absent from the state for 655 days, the
running of the statute of limitations was suspended for that amount of
time.  Section 16.063.  Therefore, the statute of limitations did
not run on the note until November 20, 2000. 
Heady=s suit to collect on the note was timely
filed.  The trial court did not err in
granting Heady=s motion for summary judgment.  McStay=s sole issue on appeal is overruled. 

The
judgment of the trial court is affirmed. 


 

TERRY
McCALL

JUSTICE

July 24, 2003

Not designated for
publication.  See TEX.R.APP.P. 47.2(a).

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.         











[1]15 U.S.C.A. '
1692 et seq. (West 1998).





[2]TEX. BUS. & COM. CODE ANN. ' 17.41 et seq. (Vernon 2002).