**AFFIRMED; Opinion Filed May 2, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00763-CV

**ECOFRIENDLY WATER CO., LLC AND JAY LAFRANCE, Appellants**
**V.**
**JEFFREY W. MERCER, AS INDEPENDENT EXECUTOR OF THE ESTATE OF**
**THOMAS K. LOWERY, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-00498-2016**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Carlyle
Opinion by Justice Carlyle

Appellant Jay LaFrance[1] challenges the trial court's summary judgment holding him

personally liable for a $492,664.42 debt to appellee.[2] In four issues, LaFrance contends the

evidence did not establish his personal liability for the debt or the correct amount owed. We affirm.

### I. Background

Lowery sued LaFrance and EFW for, among other claims, breach of contract based on a

written loan agreement. LaFrance and EFW filed a joint general denial answer.

---

[1] Although the notice of appeal in this case names both LaFrance and EcoFriendly Water Co., LLC ("EFW") as appellants, EFW has not filed a brief in this Court. LaFrance, EFW's "sole manager and sole member," states in his appellate brief that "further proceedings by [EFW] are hereby discontinued."

[2] The original plaintiff in this case, Thomas K. Lowery, died while this suit was proceeding in the trial court. Jeffrey W. Mercer, as independent executor of the estate of Thomas K. Lowery, succeeded him as plaintiff. We refer to appellee as "Lowery."

After deposing LaFrance, Lowery moved for partial summary judgment against him on the claim for breach of the written loan agreement. In his summary judgment motion, Lowery asserted (1) he and LaFrance executed a November 20, 2013 written "Personal Loan Agreement" (the "agreement"), under which he loaned LaFrance $350,000; (2) the agreement "required LaFrance to repay the loan, together with interest, in monthly installments of $2,767.78 beginning on January 1, 2014" and "provided that the entire unpaid balance, including principal and interest, shall be automatically accelerated in the event of any untimely payment"; (3) "LaFrance admits that only the first two required payments were paid"; (4) "[t]herefore, the remaining unpaid balance of the loan, including principal and interest for a total of $492,664.42, automatically accelerated"; and (5) LaFrance "failed and refused to repay all or any part of the accelerated debt."

The evidence attached to Lowery's summary judgment motion included (1) "Exhibit 1," a two-page "Personal Loan Agreement" between EFW and Lowery, and (2) "Exhibit 2," excerpts from a transcript of Lafrance's September 8, 2016 deposition.[3] "Exhibit 1" stated as follows:

---

[3] Exhibit 2's first page stated court reporter Tammy Dickson Cross prepared and certified the deposition transcript. The index to the deposition transcript described Exhibit 19 as "Personal Loan Agreement." During the deposition, LaFrance testified:

Q. I'm handing you what I have marked as Exhibit 19. Do you recognize this document?
A. I do.
Q. At the top of the—the first page of Exhibit 19 in bold letters it says personal loan agreement, correct?
A. Correct.
Q. And this is a two-page document, correct?
A. Correct.
Q. Is this—are these two pages the entirety of the personal loan agreement?
A. Yes.

. . . .

Q. If you look at the second page of Exhibit 19, right above—at the very bottom right above the words "borrower's signature," whose name appears?
A. Mine.

. . . .

Q. Did you see Mr. Lowery sign this document?
A. Yes.

. . . .

Q. Okay. Other than those first payments, Nos. 1 and 2, that you've testified were paid, were any other payments paid on the loan agreement, Exhibit 19?
A. No.
Q. Okay. So in other words, Payment Nos. 3 through 180 were never paid?
A. That's correct.

. . . .

Q. . . . [T]he $350,000 went into your personal account, right, not the business account?
A. Correct.

> Within 180 months from today, Borrower promises to pay the Lender Three Hundred and Fifty Thousand dollars ($350,000.00) and interest as well as other charges avowed below.
>
> Liability:
> Although this agreement may be signed below by more than one person, each of the undersigned understands that they are each as individuals responsible and jointly and severally liable for paying back the full amount.
>
> Details of Loan: Agreed Between Borrower and Lender:
>
> Amount           of         Loan : $350,000.00
> Other          (Describe) $ _____
> Amount      financed : $350,000.00
> Finance      charge: $148,199.98
> Total        of    payments: $498,199.98
> ANNUAL PERCENTAGE RATE __ 5.0__%
>
> Repayment of Loan:
> Borrower will pay back in the following manner. Borrower will repay the amount of this note in 180 equal continuous monthly installments of $ 2,767.78 each on the 1st day of each month preliminary on the 1st day of January, 2014, and ending on December, 2028.

. . . .

> Failure to pay:
> If for any reason Borrower not succeeds to make any payment on time, Borrower shall be in default. The Lender can then order instant payment of the entire remaining unpaid balance of this loan, without giving anyone further notices.

At the bottom of Exhibit 1's second page, a line labeled "Borrower's Signature" contained the handwritten signature "Jay LaFrance." Also, a small rectangular label on the first page's lower right-hand corner stated "Exhibit 19" and "LaFrance 9/8/16 TC."

LaFrance filed a summary judgment response asserting his same arguments described below. After a hearing, the trial court granted Lowery's motion for partial summary judgment. Lowery then nonsuited all remaining claims against both defendants and the trial court entered a final judgment based on the partial summary judgment order.

## II. Summary judgment

A party moving for traditional summary judgment has the burden to demonstrate no genuine issue of material fact exists and judgment should be rendered as a matter of law. TEX. R.

Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985). We review a trial court's summary judgment de novo. *Nat'l Health Res. Corp. v. TBF Fin., LLC*, 429 S.W.3d 125, 131 (Tex. App.—Dallas 2014, no pet.) (citing *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010)). We credit evidence favorable to the nonmovant if reasonable jurors could and disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). When, as here, the trial court's summary judgment order does not state the specific grounds for its ruling, we must affirm the judgment if any of the theories advanced by the movant are meritorious. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

When reviewing a trial court's decision to admit or exclude summary judgment evidence, we apply an abuse of discretion standard. *Harris v. Showcase Chevrolet*, 231 S.W.3d 559, 561 (Tex. App.—Dallas 2007, no pet.). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

### A. Authentication

In his first issue, LaFrance contends Lowery failed to establish "an obligation to pay by any party" because "[t]he Personal Loan Agreement, which was attached to [Lowery's] Motion for Partial Summary Judgment is not authenticated." According to LaFrance, (1) "while the exhibit label on [Exhibit 1's] first page makes it appear to have been attached to the deposition, there is no showing that this copy was, and there is no showing that this particular document is what LaFrance was referring to in his deposition testimony," and (2) "nowhere in the deposition testimony does Mr. La France authenticate the document as a true copy of the original."

To authenticate an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Tex. R. Evid. 901(a). That

requirement can be satisfied by testimony of a witness with knowledge that "an item is what it is claimed to be" or "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." *Id*. 901(b)(1), (b)(4). The challenged copy of the agreement (1) had an exhibit label affixed describing the document as "Exhibit 19" and stating the deposition date, deponent's name, and court reporter's initials, and (2) exactly matched LaFrance's testimony regarding content. Therefore, the trial court did not abuse its discretion by admitting the challenged copy of the agreement into evidence. *See id.* 901(a), (b)(1), (b)(4).

### B. Note ownership

In his second issue, LaFrance contends that because Lowery "has not shown, and has not even alleged in the motion, that he is the owner and holder of the note," the trial court should have denied the summary judgment motion.

Lowery contended in the trial court, and asserts on appeal, that he "is neither required to bring his claim as an action on a note nor to plead and prove that he is an owner and holder thereof." We agree. Although the agreement "contains an unconditional promise to pay plaintiff at least a certain sum of money each month" and thus is "in the form of a note," this lawsuit is "between the original parties to the instrument" and therefore "[d]efendant's liability on the instrument is not governed by the law of negotiable instruments, but by the law of contracts." *Mauricio v. Mendez*, 723 S.W.2d 296, 298 (Tex. App.—San Antonio 1987, no writ).

### C. LaFrance's personal liability

In his third issue, LaFrance contends the evidence did not establish his personal liability for repayment under the agreement, but rather showed "[t]he obligation was solely that of [EFW]." According to LaFrance, (1) "it is obvious that since the LLC is the borrower, then the signature must have been made on its behalf"; (2) the language in the agreement's "Liability" section "states

a condition rather than an absolute promise" and "[u]nderstanding your assertion does not mean you are agreeing to anything"; and (3) because the agreement is ambiguous, summary judgment was improper.

A court's primary concern when interpreting a contract is to ascertain and give effect to the parties' intentions as expressed in the contract. *See, e.g., Plains Expl. & Prod. Co. v. Torch Energy Advisors, Inc.*, 473 S.W.3d 296, 305 (Tex. 2015); *Neel v. Tenet HealthSystem Hosps. Dallas, Inc.*, 378 S.W.3d 597, 601 (Tex. App.—Dallas 2012, pet. denied). We consider the entire document and attempt to harmonize and give effect to all provisions. *Neel*, 378 S.W.3d at 601–02. "If the language lends itself to a clear and definite legal meaning, the contract is not ambiguous and will be construed as a matter of law." *Great Am. Ins. Co. v. Primo*, 512 S.W.3d 890, 893 (Tex. 2017). "Ambiguity does not arise simply because the parties advance conflicting interpretations of the contract; rather, for an ambiguity to exist, both interpretations must be reasonable." *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 861 (Tex. 2000). Generally, a corporate officer's signature on a contract, with or without a designation as to representative capacity, does not render the officer personally liable. *Neel*, 378 S.W.3d at 604. But one statutory exception is where the individual "expressly . . . agrees to be personally liable to the obligee for the obligation." *Id*. at 605 (quoting Tex. Bus. Orgs. Code § 21.225(1)).

LaFrance signed his name on the agreement's signature line labeled "Borrower's Signature." He did not indicate a representative capacity. In the section titled "Liability," the agreement states, "Although this agreement may be signed below by more than one person, each of the undersigned understands that they are each as individuals responsible and jointly and severally liable for paying back the full amount."

Because the agreement's language can be given a definite legal meaning and is not reasonably susceptible to more than one interpretation, the agreement is unambiguous. *See Lopez*,

22 S.W.3d at 861. Pursuant to the agreement's terms, LaFrance expressly agreed to be personally liable for paying the full amount owed. *See* TEX. BUS. ORGS. CODE § 21.225(1); *Neel*, 378 S.W.3d at 606 (concluding lease showed objective intent for professional association's officer to be individually liable, where officer did not indicate representative capacity when signing and lease provided "[e]ach and every person, firm, corporation, partnership and association comprising Tenant (other than an officer signing on behalf of any corporation) shall be jointly and severally liable hereunder for the full and faithful performance of all conditions and covenants binding upon Tenant").

### D. Amount owed

In his fourth issue, LaFrance contends Lowery did not "establish the correct amount of debt owed under the [agreement]." According to LaFrance, (1) it "appears" Lowery deducted two payments from the principal, then added the finance charge to that amount, and (2) that calculation method resulted in an "incorrect" amount owed. LaFrance acknowledges he did not assert this complaint in his summary judgment response, but contends "a nonmovant's failure to respond to an allegation cannot supply by default the summary judgment proof necessary to establish the movant's entitlement to an element of its judgment."

To the extent LaFrance contends the evidence is legally insufficient to support the amount awarded against him, the evidence supports that amount based on the calculation method described above. And to the extent LaFrance asserts that calculation method is incorrect, issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversing a summary judgment. *See* TEX. R. CIV. P. 166a(c).

## III. Conclusion

We decide LaFrance's four issues against him and affirm the trial court's judgment.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

180763F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ECOFRIENDLY WATER CO., LLC AND
JAY LAFRANCE, Appellants

No. 05-18-00763-CV     V.

JEFFREY W. MERCER, AS
INDEPENDENT EXECUTOR OF THE
ESTATE OF THOMAS K. LOWERY,
Appellee

On Appeal from the 401st Judicial District
Court, Collin County, Texas
Trial Court Cause No. 401-00498-2016.
Opinion delivered by Justice Carlyle.
Justices Myers and Molberg participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee JEFFREY W. MERCER, AS INDEPENDENT EXECUTOR OF THE ESTATE OF THOMAS K. LOWERY recover his costs of this appeal from appellant JAY LAFRANCE.

Judgment entered this 2nd day of May, 2019.